✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

12:38 pm, Jan 08 2025
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____TTD____ Deputy

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### I. AFFIANT AND EXPERTISE

1. Your affiant, Special Agent Timothy K. Moore, after being duly sworn, states as follows:

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so since March 2007. I am currently assigned to the ATF Baltimore Strike Force Group, a joint task force comprised of ATF agents and detectives from the Baltimore City Police Department. I have participated in numerous investigations focusing on Controlled Dangerous Substance ("CDS") distribution and trafficking, home invasions, gangs, illegal firearms possession and use, armed robbery, firearms trafficking, Federal Firearms Licensee violations, murders and non-fatal shootings, murder for hire, carjacking, arson, witness tampering, public corruption, domestic terrorism, violent extremism, and violations of the National Firearms Act. I have conducted covert surveillance of suspected CDS traffickers, interviewed numerous individuals involved in gangs and the CDS trafficking trade, interviewed numerous individuals involved in illegal firearms trafficking and acquisition, participated in several Title III wiretap investigations as an affiant, monitor, and member of surveillance teams, participated in the execution of numerous federal and state search and arrest warrants involving violent offenders, to include domestic terrorists, violent extremists, and murderers, and participated in the seizure of significant quantities of firearms and controlled dangerous substances.

1

4. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging that Shariff AROI distributed a controlled dangerous substance, to wit, 2,872 pills of fentanyl, in violation of Title 21 U.S.C. § 841.

5. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; (c) criminal history records maintained by various law enforcement agencies, the Maryland State Police (MSP), and the ATF; and (d) the training and experience of myself and other law enforcement agents and officers.

6. Based on my personal participation in this investigation, as well as reports made to me by other ATF agents and members of the Maryland State Police, I am familiar with the facts and circumstances of this investigation.

7. Because this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included every fact known to me concerning the individual and events described in this Affidavit, although I have not excluded anything which would work towards defeating a finding of probable cause.

## II.    PROBABLE CAUSE

8. In June 2024, ATF began an investigation into Shariff AROI, a convicted felon known to distribute narcotics. Over the course of several months, on nine separate occasions, an ATF Undercover Agent 1 (UC-1) purchased quantities of cocaine, suspected counterfeit M30 fentanyl tablets, and/or firearms from AROI. ATF conducted all but one of these purchases in an ATF controlled facility where audio and video equipment recorded each transaction. Additionally, ATF submitted each quantity of narcotics to the Maryland State Police (MSP), where MSP testing confirmed the presence of CDS.

9.  More specifically, on September 24, 2024, AROI travelled to the controlled facility in Baltimore County, Maryland to meet UC-1 to conduct a drug transaction. UC-1 and AROI arranged this meeting over a telephone line used by UC-1. During these recorded communications, UC-1 agreed to purchase 3,000 fentanyl pills from AROI.

10. On this date, AROI arrived at the ATF controlled facility carrying a salmon-colored backpack on his person. AROI entered the location and walked with UC-1 to an interior room. Once there, AROI removed the backpack and retrieved a smaller black bag from inside the backpack. He then removed a large clear plastic bag that contained approximately 2,872 counterfeit M30 pills. These pills appeared to be normal M30 oxycodone pills but were instead made with fentanyl. In exchange, UC-1 gave AROI $7,500 in pre-recorded ATF funds, which AROI then counted.

11. While the pair completed the transaction, AROI and UC-1 discussed the price of the pills. AROI explained that he sold the pills for ten dollars each on the street because they were good quality and unlike lower quality pills could not easily be crushed. When UC-1 asked AROI for his lowest price per pill, AROI explained that if UC-1 wanted them any cheaper, he (AROI) needed to go to California to get them.

12. AROI then placed the $7,500 in the black bag, returned it to the salmon-colored backpack, and left the facility.

13. Following the completion of the transaction, ATF transferred the approximately 2,872 fentanyl pills to MSP. MSP submitted the pills into evidence where MSP chemists from their laboratory section tested the pills and confirmed that the pills contained fentanyl a Schedule II controlled substance. The approximately 2,872 pills in the plastic baggie had an overall approximate weight of 309 grams.

14.     Based on my training and experience, I know that the 2,872 fentanyl pills sold by AROI on September 24, 2024, unquestionably constituted a quantity of fentanyl intended for redistribution.  As noted above and using AROI's own math, the 2,872 pills had a street value of over $28,500.

### III.    CONCLUSION

17.     Based upon the foregoing, I believe AROI distributed and possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectible quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841.

18.     Accordingly, I believe probable cause exists to support the issuance of a Criminal Complaint charging Shariff AROI with the distribution and possession with the intent to distribute controlled substance, in violation of Title 21 U.S.C. § 841.

_Timothy Moore_
Timothy K. Moore
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this **7th** day of January, 2025.

Erin Aslan
United States Magistrate Judge